## CITY OF LAWTON v. STEVENS *et al.*

No. 1705.   Opinion Filed March 19, 1912.

(122 Pac. 940.)

INJUNCTION—Grounds.  A petition by a city for injunction, which merely states that the defendant is the owner of certain lands, the rainfall on which drains into a creek that flows into a pond from which plaintiff procures water, and that in the future it will be necessary for plaintiff to acquire several thousand acres of land, including defendant's, to constitute a watershed, and that the plaintiff intends to thus acquire defendant's land, by condemnation, at some time in the future, does not state a cause of action authorizing an injunction preventing defendant from going onto, building upon, or disposing of, his land.

(Syllabus by Brewer, C.)

*Error from District Court, Comanche County;*
*W. M. Bowles, Judge.*

Action by the City of Lawton against John T. Stevens and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Charles C. Black,* for plaintiff in error.

*Stevens & Myers, B. M. Parmenter,* and *J. E. Michaelson,* for defendants in error.

Opinion by BREWER, C.  This is a proceeding in injunction.  The city of Lawton, plaintiff in error, as plaintiff below, filed its petition in the district court of Comanche county, March 28, 1910, against John T. Stevens, and numerous other persons, naming ·nineteen others, as defendants below, praying for an injunction.  A temporary writ was issued.  Defendants filed affidavits disqualifying the regular district judge.  The judge heard same and held himself disqualified.  The plaintiff took exceptions to the order of disqualification, and appealed to the Supreme Court from this order.  The regular judge notified the Supreme Court of his disqualification, and another judge was assigned to try the case.  This judge sustained the motion of defendants to dissolve the temporary injunction, on the grounds that the petition failed to state a cause of action or that plaintiff was entitled to relief.  To review alleged errors of the court, this proceeding is prosecuted.

The petition alleges, in substance, that defendants own the N. E. ¼, section 12, township 3 N., range 13 W., in Comanche county; that said land has been platted into lots and blocks, and that many of the lots have been sold, and that others are being sold; that houses have been built, and other houses and outhouses will be built on the land; that plaintiff obtains its water supply by waters impounded by a dam across Medicine creek; that the water falling on the above land will drain into Medicine creek and pollute the city water; that it is necessary, for a sufficient water supply, that the dam be raised to 50 feet, and if it is so raised the impounded water would spread nearly, or quite, to this land; that in the future, to accommodate the wants of a rapidly growing city like Lawton, the reservoir will have to be enlarged by raising the height of the dam to 90 feet; that it is necessary to acquire 2,320 acres of land to be overflowed, etc., and that it is necessary for the city to acquire the lands men-

tioned herein; that plaintiff has tried to buy said land, but cannot agree on the price, and that the city intends to acquire title by condemnation proceedings; that the further sale of lots, and further improving and building on said lands, cannot benefit the owners, because of the intention of the city to condemn the land, but will have the effect of unnecessarily increasing the amount of compensation the city will have to pay such owners whenever it condemns their lands, etc. The plaintiff then prays for an order restraining the owners from selling any of the lots, or parts of the land, or any interest therein, and from moving onto, or residing thereon, and from erecting any building, or changing or modifying or interfering with their land.

The plaintiff in error urges two contentions for a reversal of the case: (1) That, because of the appeal taken to this court from the order of the judge disqualifying himself, the court was without jurisdiction to dissolve the temporary injunction. (2) Error of the court in dissolving the temporary injunction.

With regard to the first proposition, it is sufficient to say that the appeal to this court from the order of the judge disqualifying himself has been, at this term of court, dismissed on motion of the plaintiff in error.

The principle that private property may be taken for the public's use, when just compensation has been made, is well recognized in the law. But we know of no law that would justify a holding that the proprietor of the fee in lands can be deprived of the right to go onto it, use it, or dispose of it, merely because a corporation, municipal or otherwise, alleges that it will need later to acquire, and at some later, indefinite time will seek to acquire, for its own use, by condemnation proceedings, the title to the land. From a careful reading of the petition, we fully agree with the trial court that plaintiff has not stated a case justifying the interposition of a court of equity.

The judgment should be affirmed.

By the Court: It is so ordered.